**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47632**

| | | |
|---|---|---|
| In the Matter of: Jane Doe I and John Doe I, Children Under Eighteen (18) Years of Age. | ) ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE | ) ) ) | Filed: March 19, 2020 |
| Petitioner-Respondent, | ) ) ) | Karel A. Lehrman, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| JANE DOE (2019-44), | ) ) | BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Owyhee County. Hon. Shane Darrington, Magistrate.

Judgment terminating parental rights, affirmed.

Bethany L. Harder Haase, Nampa, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Teri A. Whilden, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Jane Doe (2019-44) appeals from the judgment terminating her parental rights. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of the two minor children in this action, born in 2015 and 2016. In August 2016, the children were placed in shelter care due to the unsafe and unsanitary conditions

1

in which they and their parents were living. The magistrate court awarded legal custody of the children to the Idaho Department of Health and Welfare and approved a case plan for the children. By October 2017, Doe had made so little progress on her case plan that the permanency goal was changed from reunification to termination. However, in April 2018, Doe was granted extended home visits after establishing new housing that was sanitary and safe. Six months later, the children were declared in imminent danger and removed from Doe's care when it was discovered that she had lost her new housing and was again living with the children in unsafe and unsanitary conditions. The Department then petitioned to terminate Doe's parental rights. At the conclusion of the termination trial, the magistrate court orally pronounced its decision, finding clear and convincing evidence that Doe had neglected the children and that termination was in the children's best interests. Subsequently, the magistrate court issued a written decision, which was based upon proposed findings of fact and conclusions of law drafted by the Department, along with a written decree and judgment terminating Doe's parental rights. Doe appeals.[1]

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the

---

[1] A case plan was also created for the children's father, and the magistrate court's decision also terminated his parental rights. The termination of the father's parental rights is not at issue in this appeal.

2

trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe raises three issues on appeal. First, Doe argues that inconsistencies between the magistrate court's oral decision at the conclusion of the termination trial and the subsequently issued written decision constitute error and preclude a finding that there was sufficient evidence of neglect. Second, Doe argues that the magistrate court's conclusion that termination was in the children's best interests lacked sufficient evidentiary support. Finally, Doe argues that the Department violated her due process rights by failing to make reasonable efforts to reunify her with the children prior to seeking termination. The Department contends that the magistrate court's termination decision was correct and had proper evidentiary support; that Doe's due process argument is not preserved because she failed to raise the argument during the child protection proceeding; and that, in any event, reasonable reunification efforts were made. We affirm the magistrate court's decision.

### A.   Magistrate Court's Oral and Written Decisions and Finding of Neglect

Doe argues that the magistrate court's oral decision at the end of the termination trial is inconsistent with the subsequently issued written decision, which was based upon proposed findings of fact and conclusions of law drafted by the Department. Doe contends that the inconsistencies preclude appellate review of whether the magistrate court's finding of neglect has sufficient evidentiary support. Consequently, according to Doe, the judgment terminating her parental rights must be vacated.

Idaho Code Section 16-2010(1) requires every order of the court terminating the parent-child relationship or transferring legal custody or guardianship of a child to be in writing. The written order must recite the findings supporting the trial court's decision, including those related to jurisdiction. *Id.* Due to the gravity of a decision terminating an individual's parental rights, Idaho's appellate courts have admonished trial courts to take care when preparing these written orders--especially when soliciting proposed findings of fact and conclusions of law from a party. *See Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 596, 603, 389 P.3d 141, 148 (2016); *Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 745, 750 n.2, 390 P.3d 866, 871 n.2

3

(Ct. App. 2017). In cases where the trial court pronounces its findings of fact and conclusions of law orally, the subsequent adoption or adaption of a party's proposed findings and conclusions creates a risk that the trial court's oral and written decisions will be inconsistent. A fundamental divergence between a trial court's oral and written decisions that arises from a "manifest abdication" of the court's duties necessitates vacation of the termination order and remand for the preparation of new findings and conclusions. *Doe v. Doe*, 159 Idaho 461, 464-65, 362 P.3d 536, 539-40 (2015).

At the conclusion of the termination trial in this case, the magistrate court orally pronounced its decision. Specifically, the magistrate court concluded that clear and convincing evidence showed Doe had neglected her children under I.C. § 16-2002(3)(b) and that termination of Doe's parental rights is in the children's best interests. In support of the neglect finding, the magistrate court found that the children had been in the Department's custody for fifteen of the past twenty-two months, that reunification had not been accomplished by the end of the fifteenth month, and that Doe had failed to complete her case plan. After the magistrate court's oral decision, the following exchange occurred between the magistrate court and the Department's attorney:

| [Court]: | I understand that [the Department is] going to draft some findings of fact and conclusions of law for me, is that correct? |
|---|---|
| [Department]: | Yes, I will draft that as well as the final judgment terminating parental rights. |
| [Court]: | Thank you ma'am. And I, I do want counsel to know that I will not, I'll give you folks an opportunity to object to the findings because of the way that I'm doing this. I will not simply adopt them whole hog as sometimes happens, and I have made amendments on them in the past. |
| [Department]: | I think that what I did last time is emailed [the court clerk] but then also included [the parents'] attorneys. . . . . |
| [Court]: | Perfect. |
| [Department]: | . . . . so everybody will get it. |

4

Doe did not object to the Department's offer to submit proposed findings of fact and conclusions of law. Subsequently, the magistrate court issued a written decision along with a written judgment, apparently without objection from Doe.[2]

As previously stated, Doe argues that the magistrate court's written decision is so inconsistent with the previous oral decision that the judgment terminating her parental rights must be vacated. We disagree. Although the magistrate court's written decision exceeds the previous oral decision in certain ways, Doe has not identified any conflict between the two decisions. The portions of the written decision that exceed the oral decision are either irrelevant or bolster the oral decision.[3] Unlike the case that Doe cites in support of her position, the written decision in this case does not purport to terminate Doe's parental rights on a basis that was rejected in a previous oral decision. *See Doe*, 159 Idaho at 465, 362 P.3d at 540. Moreover, both the written decision and oral decision in this case contain the same essential findings and analysis relating to the magistrate court's conclusion that Doe neglected the children under I.C. § 16-2002(3)(b). As set forth below, the congruent portions of the written decision and oral decision provide an adequate basis to review whether the magistrate court's finding of neglect has sufficient evidentiary support.

Idaho Code Section 16-2002(3)(b) provides, in pertinent part, that a child is "neglected" when the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the Department's custody. Doe's case plan required her to: (1) engage in parenting education designed to prepare her to be the

---

[2]    Doe does not assert in her appellate brief that she did not receive a copy of the Department's proposed findings of fact and conclusions of law before the magistrate court issued its written decision, nor does Doe assert that she objected below to the proposed findings of fact and conclusions of law.

[3]    For example, the written decision's inclusion of the definition for neglect found under I.C. § 16-1602(31)(a) is irrelevant because the magistrate court did not find that Doe neglected the children according to that definition. On the other hand, the portion of the written findings stating that all the Department's witnesses were found to be credible in all areas of their testimony bolsters the magistrate court's oral decision.

children's caretaker; (2) attend the children's medical, educational, and therapy appointments and follow professional recommendations arising from such appointments; (3) participate in the evaluation and treatment recommendations of an infant and toddler program until the closure of services; (4) develop a plan to declutter the family home and learn skills to keep the residence clean; (5) provide verification that the family home had running water and was being maintained in a clean and safe manner; and (6) obtain and follow the recommendations of a mental health evaluation. Both the magistrate court's oral and written decisions found that Doe failed to complete the required parenting education; lacked follow-through in attending the children's appointments throughout the life of the child protection case; failed to successfully complete an infant and toddler program;[4] relapsed into cluttered and unsafe living conditions; and failed to obtain a mental health evaluation. Additionally, both the written and oral decisions found that Doe failed to obtain a substance abuse evaluation as required by the amended case plan developed in relation to Doe's third child, who was born during the child protection proceedings underlying this case. Consequently, the magistrate court concluded that Doe had failed to complete her case plan.

There is ample evidence in the record to support the magistrate court's findings. Although Doe did participate is some parenting education, she failed to provide a certificate that she completed the course. The children's foster mother testified that, in the nineteen months preceding the termination trial, Doe attended only one of the children's medical appointments and two or three of the older child's weekly speech therapy appointments. Doe's lack of participation in an infant and toddler program led to the termination of those services prior to successful completion. Although Doe did provide the children with safe and sanitary housing for a time during the child protection proceedings, Doe eventually moved back into the same unsafe and unsanitary housing that led to the children's initial removal from her care. Finally, although Doe told her case worker that she had obtained a mental health evaluation, Doe never presented evidence of the evaluation or that she had followed through with any treatment

---

[4] The magistrate court noted that Doe had completed the case plan task related to the infant and toddler program, which required only Doe's participation until the closure of services--not successful completion of the program.

6

recommendations. In sum, the magistrate court acknowledged that Doe made some efforts relating to certain tasks in her case plan. However, there was substantial and competent evidence to support the magistrate's finding of neglect.

## B. Best Interests

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found it is in the children's best interests to terminate Doe's parental rights because the children made positive progress while in foster care, but regressed when returned to Doe's custody. Additionally, the magistrate court further found that Doe had failed to attend the children's medical appointments while the children were in the Department's custody and had not contacted the younger child on his birthday. The children's foster mother testified about the physical and psychological regression the children suffered while in Doe's custody for the extended home visit.[5] Upon being returned to the foster parent's care after six months in Doe's care, the younger child would hoard food and the other child suffered attachment and trust issues.

Doe argues the magistrate court erred by failing to engage in a separate analysis of whether terminating *her* parental rights was in the children's best interests. Doe faults the magistrate court for failing to consider whether either child was bonded to her or how she interacted with the children during visitations. However, Doe points to no evidence in the record

---

[5]     The children had the same foster parents prior to and after the extended home visit.

that she had a bond with either child or of positive interactions with the children during visits. To the contrary, the evidence in the record indicates that the children see their foster parents as parents and look to them for emotional support. The children's foster mother testified that she had attempted to explain to the children that Doe is their biological mother, but that the younger child did not understand and the older child responded by saying that the foster mother was her mother. The foster mother also testified that the children did not recognize Doe during telephone conversations during the month prior to the termination trial. When the children became distracted during one of these conversations, Doe responded with a derogatory comment about the children's attention span. Prior to these telephone conversations, it had been nearly a year since the children had contact with Doe. Doe has not shown error in the magistrate court's finding that termination is in the children's best interests.

## C. Due Process

Doe argues that her due process rights were violated because the Department failed to make reasonable efforts to reunify her with the children prior to seeking termination. In support of this argument, Doe cites cases from other jurisdictions. *See T.B. v. Lee Cty. Dep't of Human Res.*, 216 So. 3d 1246 (Ala. Civ. App. 2016); *In re T.W.*, 135 N.E.3d 607 (Ind. Ct. App. 2019); *In re X.M.*, 429 P.3d 920 (Mont. 2018). Doe did not object to the Department's reunification efforts during the child protection proceedings below or appeal from those proceedings. Thus, Doe's argument that her due process rights were violated by a lack of reasonable reunification efforts by the Department is not reviewable on appeal. *See In re Doe*, 156 Idaho 682, 688 n.3, 330 P.3d 1040, 1046 n.3 (2014).

## IV.

## CONCLUSION

The magistrate court's oral and written decisions do not fundamentally diverge such that remand is necessary for the entry of new written findings and conclusions. Doe has failed to demonstrate that the magistrate court's conclusion that termination is in the children's best interests lacked sufficient evidentiary support. Additionally, Doe has not preserved her challenge to the Department's reasonable efforts at reunification. Consequently, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

8