# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 48199/48200

| | |
|---|---|
| In the Matter of Jane Doe I, John Doe I, and Jane Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) Filed: December 28, 2020 |
| Petitioner-Respondent, | ) ) Melanie Gagnepain, Clerk |
| v. | ) ) THIS IS AN UNPUBLISHED |
| JANE DOE (2020-29), | ) OPINION AND SHALL NOT ) BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) |

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Benewah County. Hon. Douglas P. Payne, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Stacia C. Hagerty, Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Denise L. Rosen, Deputy Attorney General, Coeur d'Alene, for respondent.

---

GRATTON, Judge

Jane Doe appeals from the magistrate court's judgment terminating Doe's parental rights. Doe argues that the magistrate court abused its discretion by terminating her parental rights without sufficient evidence, and that the magistrate court committed multiple errors warranting remand. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Doe is the mother of four children, the eldest of which is not involved in these matters. The remaining three children, J.G., M.G., and A.G., born in 2014, 2016, and 2017 respectively, came into the legal custody of the Idaho Department of Health and Welfare (the Department) in 2018 while Doe was incarcerated on retained jurisdiction. Doe was released during the

1

pendency of the child protection cases and given a case plan. She was then re-arrested and incarcerated five months later for violating the terms of her probation.

The Department filed a petition for the termination of Doe's parental rights in November 2019. At trial, the State presented testimony from the Department case manager, who testified that the Department had significant child protection history with the family. The case manager further testified that Doe was provided a case plan, and the areas of concern included that Doe had not regularly parented her children, she had issues with stability, substance abuse and mental health, and she engaged in domestically violent situations. Over the five months that Doe was out of custody, she visited seven out of the twenty-two offered visits and did not address the mental health or substance abuse concerns. At the time of the termination trial, Doe was incarcerated and testified on her own behalf telephonically via Zoom. In its findings of fact and conclusions of law, the magistrate court found that Doe neglected her children and that it is in their best interests to terminate her parental rights. Doe timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

2

## III.

## ANALYSIS

Doe argues that there was insufficient evidence presented at trial to support the magistrate court's decision to terminate her parental rights. In addition, Doe argues that the court committed several errors, including improperly taking her testimony via Zoom without video, not complying with the Indian Child Welfare Act (ICWA), deciding the case without representation or adequate notice for the fathers of the children, and discrepancies between the written findings of fact and the oral recitation. We address each of these contentions below.

### A.    Sufficiency of Evidence

In order for a court to terminate parental rights, it must first find that a statutory ground for termination exists. Statutory grounds for termination of parental rights include: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) inability to discharge parental responsibilities for a prolonged period, which will be injurious to the health, morals, or well-being of the child; or (e) incarceration for a substantial period of time during the child's minority. I.C. § 16-2005. Upon finding a statutory ground for termination, the court must also find that it is in the best interests of the child to terminate the parent-child relationship. I.C. § 16-2005(1). Both findings must be established by clear and convincing evidence.

The statutory ground the court found in this case was neglect. Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

Doe argues that the evidence submitted by the Department was insufficient to support the magistrate court's finding of neglect. Specifically, Doe argues that there was evidence on the record that she did not neglect her children, as she succeeded on her rider, made progress on her

case plan, and had parented her children in the past. In addition, Doe argues that the magistrate court's statements concerning her issues with substance abuse were not supported in the record.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

While it may be true that Doe succeeded on her rider, made limited progress on her case plan, and had a relationship with her children in the past, it is not the function of this Court to reweigh the evidence considered by the magistrate court. There are multiple facts that the magistrate court ultimately relied on in its finding of neglect, which were supported by substantial evidence. The magistrate court found, based on the evidence presented, that Doe had failed to provide for the children's well-being, safety, and health due to her own conduct. Doe's choices led to her initial incarceration, at which point her children were brought into the custody of the Department. After being released, she made only seven of the twenty-two offered visits, and did not address mental health or substance abuse concerns, and made little effort to comply with her case plan. Five months after her release, she was re-arrested and again incarcerated. These facts provide substantial evidence to support the court's finding of neglect under I.C. § 16-1602(31)(a). Further, the magistrate court's statements on Doe's substance abuse were also supported by substantial evidence, as both the case manager's testimony and Doe's probation violation provided evidence of a history with substance abuse. As such, we hold that the magistrate court's finding of neglect is supported by substantial evidence.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

While Doe does not appear to make an argument regarding the best interests of her children, we note that the magistrate court found that, due to the children's lack of stability, it was in their best interests to terminate Doe's parental rights. In making this finding, the magistrate court relied on Doe's failure to complete her offered visits or to accomplish the parenting goals as set out in her case plan, and her probation violation.

Having established neglect as the statutory ground for termination, the magistrate court then properly determined it was in the best interests of the children to terminate the parent-child relationship.

## B.    Cumulative Error

Doe also contends that the cumulative error doctrine applies here. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Doe has failed to demonstrate at least two errors.[1]

As mentioned above, Doe argues that the magistrate court committed several errors, including improperly taking her testimony via Zoom without video, not complying with the ICWA, deciding the case without representation or adequate notice for the fathers of the

---

[1]    Cumulative error has never been formally adopted in civil litigation. *VFP VC v. Dakota Co.*, 141 Idaho 326, 337, 109 P.3d 714, 725 (2003). Because we find that there was no error here, we do not consider whether this legal theory applies to civil cases in general.

5

children, and discrepancies between the written findings of fact and the oral recitation. We consider each of these contentions below.

### 1. Doe's testimony

Doe argues that the magistrate court erred when it took her trial testimony telephonically, without contemporaneous video, via Zoom, which allows for both video and audio components. Doe asserts that she was prejudiced by the lack of video because the magistrate court was unable to view her facial expressions and body language. While Doe acknowledges that there was a Supreme Court Order in place providing alternatives to in-person testimony during the COVID-19 pandemic, this Court notes that the order is generally not applicable to trials on petitions to terminate parental rights. Rather, the Supreme Court's emergency orders for public safety and to mitigate the spread of the novel coronavirus still require termination trials to be held in person. *See* Order in re: Emergency Reduction in Court Services and Limitation of Access to Court Facilities (October 8, 2020) ("All trials on a petition to terminate parental rights . . . shall be held in person, subject to the safety protocols . . ."); Order in re: Jury Trials (July 24, 2020) (noting April 22, 2020, order remains in effect except as modified for jury trials); Order in re: Emergency Reduction in Court Services and Limitation of Access to Court Facilities (April 22, 2020) ("All trials on a petition to terminate parental rights . . . shall be held in person, subject to the safety protocols . . . ."). Doe was not personally present at the trial, but appeared telephonically as did her attorney and another witness, while the Department's counsel and at least one witness were present in the courtroom.[2] However, Doe's absence from the courtroom has not been raised as an issue on appeal, but rather the lack of a video component during the Zoom call is the issue raised.[3]

As to the lack of a video component to Doe's trial testimony, the record indicates that Doe's counsel was present on the Zoom call via video,[4] and was able to see the other

---

[2] The Court is concerned with the lack of record on this matter. There is no indication as to what led to Doe's testimony being taken telephonically despite the requirement that termination trials be held in person.

[3] In the heading of the section of her appellate brief in which she discusses the telephonic testimony, there is a reference to her testimony not being in-person in the courtroom. However, this single phrase in a heading is insufficient to raise or preserve the issue for appeal.

[4] Doe's counsel moved the magistrate court asking to be allowed to appear remotely, via Zoom, which the magistrate court granted.

participants. Despite this, counsel made no objection to the lack of a video component as to Doe. It would have been abundantly clear to Doe's counsel that Doe was without video, yet nowhere in the trial transcript did counsel address the matter or indicate that this manner of appearance was outside counsel's expectations or in violation of any prior order or discussion for which we have no record. Without an objection, this argument was not preserved for appeal. Further, to the extent that Doe makes the alternative argument that the trial should have been suspended, Doe made no such request at trial, and this argument is also not adequately preserved.

Finally, while this Court does not typically consider on appeal issues not raised by the parties, there are exceptions where errors may have impacted due process rights. *Doe Children*, 163 Idaho 536, 538, 415 P.3d 945, 947 (2018). As stated above, Doe was not at the trial despite the Supreme Court orders. While it is possible that this may have been in error, and may have impacted her right to due process, the record does not indicate why she appeared telephonically. *See In re Interest of Baby Doe v. John Doe*, 130 Idaho 47, 52, 936 P.3d 690, 695 (Ct. App. 1997) (noting "'convict does not have a constitutional right to personally appear in a civil suit where he has been permitted to appear through counsel and by deposition, if appropriate'"; adopting balancing test to determine whether incarcerated parent had right to appear personally at termination hearing; and concluding court did not abuse discretion by affording alternate means of presenting parent's testimony). However, as noted, the method of appearance seemed to be expected and was clear to the magistrate court and the parties at the start of the trial and no clarification or objection was raised. It is reasonable to conclude, as supported by Doe's lack of objection to the format, that Doe's method of appearance was discussed and possibly agreed to by Doe and her counsel[5] in separate court hearings or orders not included in the record. Without a complete record explaining why the trial took place the way it did, we will not presume error on the part of the magistrate court. We take this opportunity to emphasize that whenever a court provides for alternative procedures, including remote contemporaneous testimony, a complete record of the position of the parties and the ruling of the court should be made and included in any appellate record.

2. **ICWA**

---

[5] Doe fails to cite any authority to support the proposition that the right to appear in-person (or on video) cannot be waived whether that right is based in due process, statute, or Supreme Court order.

7

Doe provides no argument or authority supporting her assertion that the ICWA was not properly complied with by providing appropriate notice and/or information to the Coeur d'Alene Tribe, merely stating that the record is unclear. A party waives an issue on appeal if either argument or authority is lacking. *See Idaho Dep't of Health and Welfare v. Jane Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018) (declining to consider issue not supported by cogent argument and authority). As to whether the children qualified as Indian Children under the ICWA, the magistrate court considered the children's eligibility under the ICWA and found that the tribe declined to intervene in the case. In making this determination, the magistrate court relied on a letter stating that the Coeur d'Alene Tribe found that the children did not meet eligibility requirements. There was no evidence offered to rebut this letter, and the magistrate court did not err in relying on it or in its finding that the children did not qualify under ICWA.

### 3. Notice and representation of fathers

Doe next argues that the fathers were not provided proper notice and were not represented at the hearings. Doe admits that this argument was not raised below, but argues that an exception should be made. However, Doe presents no argument as to how she may assert this argument on behalf of the fathers. A party waives an issue on appeal if either argument or authority is lacking. *Doe*, 164 Idaho at 147, 426 P.3d at 1247 (declining to consider issue not supported by cogent argument and authority). Moreover, Doe makes no cogent argument as to how she herself was prejudiced by this error. For these reasons, this Court will not consider this argument.

### 4. Oral recitation and written findings of fact

Doe argues that the oral recitation and written findings of fact differ greatly, and therefore conflict and fail to meet the standards for determinations such as these. Doe does not cite to what standard she is referring, but cites *Idaho Dep't of Health and Welfare v. Doe*, 161 Idaho 596, 604 n.4, 389 P.3d 141, 149 n.4 (2016), for the proposition that oral pronouncements are given precedent over written findings of fact. Even so, this rule does not lead to the conclusion that the magistrate court committed reversible error in this case. While the written findings of fact differ from the oral pronouncement in some ways, none of the differences are directly in conflict.[6] The most notable difference that Doe points out is that the oral

---

[6] We note that the magistrate court had the Department prepare the written findings of fact and conclusions of law. Due to the gravity of a decision terminating an individual's parental

8

pronouncement states that it was in the best interests of the children to terminate the parent-child relationship while the written findings state that it was in the best interests of both the children and the mother. Even granting that such a statement in the written findings of fact is not supported by the record, the magistrate court need only find that termination is in the best interests of the children, after finding an adequate statutory ground, in order to terminate parental rights. I.C. § 16-2005(1). Doe's other arguments merely point to conflicting evidence from the evidence cited in the written findings of fact and conclusions of law, but demonstrate no error. We therefore affirm the magistrate court's judgment.

## IV.

## CONCLUSION

There is substantial and competent evidence to support the magistrate court's findings and conclusions that Doe neglected her children. Additionally, the magistrate court correctly determined that it is in the best interests of the children to terminate Doe's parental rights. None of the errors argued by Doe impacted the proceedings and, thus, do not support application of the cumulative error doctrine. Therefore, we affirm the magistrate court's judgment terminating Doe's parental rights.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

rights, Idaho's appellate courts have admonished trial courts to take care when preparing these written orders--especially when soliciting proposed findings of fact and conclusions of law from a party. *See Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 596, 603, 389 P.3d 141, 148 (2016); *Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 745, 750 n.2, 390 P.3d 866, 871 n.2 (Ct. App. 2017). In cases where the trial court pronounces its findings of fact and conclusions of law orally, the subsequent adoption or adaption of a party's proposed findings and conclusions creates a risk that the trial court's oral and written decisions will be inconsistent. A fundamental divergence between a trial court's oral and written decisions that arises from a "manifest abdication" of the court's duties necessitates vacation of the termination order and remand for the preparation of new findings and conclusions. *Doe v. Doe*, 159 Idaho 461, 464-65, 362 P.3d 536, 539-40 (2015).