# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51609

| | | |
|---|---|---|
| In the Matter of: Jane Doe I and John Doe I, Children Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | Filed: July 11, 2024 |
| | ) | |
| Petitioner-Respondent, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| v. | ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| JOHN DOE (2024-12), | ) | BE CITED AS AUTHORITY |
| | ) | |
| Respondent-Appellant. | ) ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Anson Call, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Merrill and Merrill, Chartered; Mary E. Shea, Pocatello, for appellant.

Hon. Raúl R. Labrador, Attorney General; Jason R. Chandler, Deputy Attorney General, Pocatello, for respondent.

———————————————————

HUSKEY, Judge

John Doe appeals from the magistrate court's judgment terminating his parental rights to his children, Jane Doe I and John Doe I (Children).[1] Doe argues the magistrate court erred in finding he neglected Children, failed to discharge his parental responsibilities, and that it is in the Children's best interests to terminate Doe's parental rights. The magistrate court's judgment terminating Doe's parental rights is affirmed.

---

[1] Children's biological mother's rights were also terminated. She appealed from the judgment terminating her parental rights in Docket No. 51608.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2021, the Idaho Department of Health and Welfare (Department) received a referral from law enforcement declaring Children in imminent danger. A Department worker went to Doe's residence and reported that, "Upon entering the home, it was found in deplorable, filthy, and unsanitary conditions." A temporary safety plan was implemented where Children would live with a family member until the residence could be cleaned. Subsequently, a petition was filed for legal custody or protective supervision of the Children under the Child Protection Act. Following a hearing, Children were placed under the protective supervision of the Department in the custody of their parents. The magistrate court approved and adopted the previously filed case plan for Doe in February 2022.

In June 2022, the Department filed a motion for removal of Children from Doe's home based on Doe's lack of progress on the case plan and his refusal to allow the Department into his residence since May 2022. The magistrate court ordered removal of Children, and they were placed in the legal custody of the Department in June 2022. A second case plan was filed, approved, and adopted by the magistrate court. After Doe made progress on the second case plan, Doe was granted an extended home visit in June 2023. However, the Department ended the extended home visit after twenty-one days because of Doe's inability to recognize safety threats to Children. In September 2023, the Department filed a petition for termination of Doe's parental rights. The matter proceeded to a termination trial at which multiple witnesses testified. Following the trial, the court issued a written decision finding that Doe neglected Children, was unable to discharge parental responsibilities, and it is in Children's best interests to terminate Doe's parental rights. Doe appeals.

# II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater

2

quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe argues the magistrate court erred in finding that: (1) he neglected Children; (2) he is unable to discharge his parental responsibilities; and (3) it is in the best interests of Children to terminate his parental rights. The Department argues the evidentiary burden was satisfied as to each argument.

### A.      Grounds for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a

3

prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Upon finding a statutory ground for termination, the court must also find that it is in the best interests of the child to terminate the parent-child relationship. I.C. § 16-2005(1). Both findings must be established by clear and convincing evidence.

In this case, the magistrate court found alternate statutory bases for which Doe's parental rights could be terminated. First, the magistrate court found that Doe neglected Children by failing to exercise proper parental care and control and by failing to complete the case plan tasks. Second, the magistrate court found that Doe was unable to discharge parental responsibilities.

### 1.    Neglect

Doe argues the magistrate court erred in finding he neglected Children.[2] The Department argues the finding of neglect is supported by substantial and competent evidence. Pursuant to I.C. § 16-2005(1)(b), neglect is a statutory ground for terminating parental rights. Idaho Code § 16-2002(3)(a), in part, defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not

---

[2]     For all his neglect arguments, Doe makes bare and conclusory claims without proper legal support. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). The Court, however, may address certain narrow issues involving due process violations despite the absence of supporting, cogent argument or citation to legal authority. *Idaho Dep't of Health & Welfare v. Doe (2017-32)*, 163 Idaho 536, 538, 415 P.3d 945, 947 (2018); *State v. Doe*, 144 Idaho 534, 536, 164 P.3d 814, 816 (2007). For example, the Idaho Supreme Court has previously addressed due process errors affecting parents' fundamental rights, including procedural errors and the application of an incorrect standard of review. *Doe (2017-32)*, 163 Idaho at 538, 415 P.3d at 947 (addressing procedural error); *Doe*, 144 Idaho at 536, 164 P.3d at 81 (addressing application of incorrect standard). In his brief, Doe does not cite any relevant authority or articulate how the magistrate court erred in applying relevant authority to his case, which generally results in a waiver of the issue of appeal.

been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

Regarding proper parental care and control, the magistrate court found that although Doe had shown some improvement in his ability to exercise proper care and control, he failed to demonstrate he could continually and consistently do so. The magistrate court noted that Doe could not maintain appropriate home conditions for Children, had incurred new criminal charges, and continued to use illegal substances, all of which demonstrated Doe had not developed the skills necessary to exercise proper parental care and control. The magistrate court found the cleanliness of the home varied greatly throughout the case and noted that home conditions had improved at times and at the time of the final day of the termination trial, Doe's residence appeared clean. The magistrate court noted that the conditions of the home had been dangerous and unhealthy for the children and any subsequent cleanliness addressing the safe and sanitary conditions of the home occurred only after significant effort by the Department to help Doe understand how to care for Children's home environment. Similarly, while the magistrate court found that Doe was initially inconsistent with visitation, at the time of the termination trial, Doe had become very consistent in his visits with Children but Doe's "late efforts" regarding visitation did not convince the court that Doe could maintain that positive direction. Finally, the magistrate court concluded it appeared that this late in the case, Doe had not internalized the lessons necessary to have Children returned to his custody or to preserve his parental rights.

On appeal, Doe argues the magistrate court erred in concluding Doe could not properly exercise parental care and control because the history of the case did not demonstrate that the conditions of Doe's home were dangerous and unhealthy for Children and were minimally sufficient only just before the termination trial. Doe maintains that although the Department provided testimony of his inability to maintain a safe and clean home environment, the Department did not admit any photographic evidence of uncleanliness, and neither was any testimony provided about the home conditions being "minimally sufficient." Doe also argues the magistrate court erred in concluding that he was inconsistent in his visitation with Children because the testimony about Doe's visits indicated he was appropriately engaged unless he was working or sleeping due to his work schedule.

To begin, Doe does not cite any authority that photographic evidence is required to establish clear and convincing evidence of neglect, so he has waived that argument. *Idaho*

*Department of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Regarding his remaining arguments, multiple witnesses testified at the termination trial that the condition of Doe's residence was dangerous and unhealthy for Children. There was testimony that just prior to the termination trial, the home conditions had improved. However, Doe acknowledged at the termination trial that he had problems with keeping his residence clean. He testified that he lacked motivation to address issues around the house, including doing the laundry, doing the dishes, maintaining the cats' litter boxes, cleaning the floors, and cleaning the bedrooms.

There was also testimony from LaShae Peck, a Department worker assigned to the case, that Doe was inconsistent with visiting Children. Doe testified he missed quite a few visits with Children because of scheduling conflicts, he was not prepared for some of the visits, or he was asleep at the beginning of the visit and it affected his ability to interact with Children. During his testimony, Doe provided reasons for some of his missed visits.

In this case, the magistrate court was in the best position to consider the evidence. The magistrate court determined that Doe failed to exercise proper care and control of Children. The magistrate court ultimately concluded that Doe's efforts were too late to be meaningful. Substantial and competent evidence supports this finding. Doe's arguments essentially ask this Court to reweigh the evidence presented to the magistrate court. We decline to do so because appellate courts in Idaho do not reweigh evidence. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. In this case, as noted above, substantial and competent evidence supports the magistrate's court determination that Doe failed to exercise proper parental care and control of Children.

Next, Doe asserts the magistrate court erred in finding that he neglected Children by failing to comply with the case plan within the statutory period. Tasks from both the initial and second case plans included: (1) keeping the home clean, organized, and free of clutter and garbage; (2) regularly scooping and cleaning the cat litter box; (3) having one of the children clean her bedroom; (4) engaging in Department approved parenting classes; (5) refraining from using illegal substances and submitting to random drug tests; and (6) attending mental health appointments and following up with recommendations.

The magistrate court found that Doe did not maintain a safe home for Children, obtained new criminal charges, did not complete a parenting class, and did not maintain his sobriety. The magistrate court also found Doe had difficulty maintaining mental health services because,

although his case manager left, once Doe began services again, he did not provide the Department with a release of information so they could verify his participation, even after being asked to do so multiple times. Additionally, the magistrate court found that Doe did not complete a substance abuse assessment or treatment, initially refused to participate in drug testing, and then twice tested positive for marijuana.

On appeal, Doe asserts that: (1) he should not be faulted for failing to complete a nurturing parent program because he was relieved of the obligation; (2) it was impossible for him to complete the nurturing parent program as Children were not returned to his care; and (3) he sufficiently maintained his sobriety.

We note that Doe does not address his failure to complete a mental health assessment or his failure to refrain from using illegal substances. Either, or both, of those failed tasks would justify a finding of neglect. Because Doe does not challenge that he failed to complete those case plan tasks, the magistrate court's finding of neglect must be affirmed on those grounds. *Doe v. Doe*, 159 Idaho 461, 464, 362 P.3d 536, 539 (2015). Nonetheless, the magistrate court's determination that Doe failed to complete a parenting class and maintain sobriety is supported by substantial and competent evidence.

The magistrate court heard conflicting testimony about Doe's participation in a nurturing parenting program. Norma Ramirez, the person who supervised the nurturing parenting program, testified that Doe did not explain why he was unable to participate in the program. She also testified that Children did not need to be in Doe's care for Doe to complete the program. She testified that Doe did not respond to her calls and Doe never had more than one conversation with her.

Doe argues he could not complete the program because Children were not in his care. However, Doe did not provide any factual support for his belief that the program could only be completed if Children were in his care, and a review of the record, including the testimony of Ramirez, does not support his position. Again, the magistrate court was in the best position to consider the evidence and determined Doe failed to complete the parenting program. There is substantial and competent evidence to support the magistrate court's finding that Doe failed to complete a nurturing parenting program as required by Doe's case plan.

Regarding Doe's sobriety, Doe concedes that he relapsed by using marijuana. Doe testified that he used marijuana before the termination trial began. As such, there is substantial and

competent evidence to support the magistrate court's determination that Doe did not maintain sobriety.

Based on the above, there is substantial and competent evidence supporting the magistrate court's determination that Doe neglected Children; thus, the court did not err in finding this statutory basis for termination.

### 2. Discharge of parental responsibilities

As a separate and independent statutory basis for termination, the magistrate court found Doe failed to discharge parental responsibilities and would be unable to do so for a prolonged period of time pursuant to I.C. § 16-2005(1)(d). As evidence, the magistrate court looked to Doe's failure to complete the case plan and to maintain a safe and healthy home environment. As detailed above, the magistrate court concluded that while Doe completed parts of his case plan at different times, he never fully committed himself to complete his case plan, and despite Doe having a substantial amount of time to comply with his case plan, Doe's efforts to participate were non-existent, half-hearted, or too late. Finally, the magistrate court found that while Doe demonstrated he could clean up the home without Mother and Children there, Doe did not take the steps necessary to have Children returned to his custody.

Doe argues the magistrate court erred in concluding that he was unable to discharge his parental responsibilities. Doe reiterates that the Department did not prove by clear and convincing evidence that, at the time of the termination trial, the conditions of the home were so bad that Children could not be returned. Doe argues that the Department's testimony on this issue was subjective and non-specific. Finally, Doe asserts that the Department never communicated to Doe what he needed to do to reunify with Children.

Preliminarily, we note that Doe's arguments on this issue are not supported by cogent arguments with citation to the record and authority, which generally results in a waiver of the claim on appeal. *Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247. Regardless, Doe's arguments for discharge of parental responsibilities fail. As addressed above, the magistrate court's findings regarding Doe's failure to maintain a safe and healthy home and failure to complete the case plan are supported by substantial and competent evidence. Doe provides no citation to the transcript to support his claim that the testimony was subjective and nonspecific, and we decline to search the record for support of his claim. *See Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 113,

8

244 P.3d 247, 257 (Ct. App. 2010) (noting that appellate courts will not search record on appeal for error).

Regarding Doe's notice argument, the record demonstrates that Doe received notice of the requirements for him to reunify with Children. As described above, the case plan tasks at issue were specific and understandable. Doe testified that he was aware of the case plan tasks and believed he completed most of them appropriately. Therefore, apart from failing to cite any cogent authority for his claim, a review of the record demonstrates Doe was aware of the case plan tasks and those tasks were specific and understandable. Therefore, the magistrate court did not err in finding that Doe was unable to discharge his parental responsibilities by virtue of failing to complete the case plan tasks.

**B.     Best Interests of the Children**

Once statutory grounds for termination have been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that terminating Doe's parental rights is in the best interests of Children because: (1) Doe failed to comply with his case plan; (2) Doe has not demonstrated the ability to care for Children and his inability is likely to continue for an extended period of time; (3) Children were thriving in their current foster placement; (4) the current foster family provided significant stability for Children; and (5) Children will benefit by stability in their lives that Doe refused to provide. Doe's only challenge to the magistrate court's best interests analysis is to assert that the court's legal conclusion regarding best interests was premised on the above purported factual inaccuracies concerning whether the home met sufficient cleanliness standards so as to be

9

safe and sanitary for Children.  Because, as discussed above, the magistrate court's factual findings regarding the conditions of the home were supported by substantial and competent evidence, Doe's argument fails.  As a result, the magistrate court did not err in finding that termination of Doe's parental rights is in the best interests of Children.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's conclusions that Doe neglected Children, was unable to discharge parental responsibilities, and that termination of Doe's parental rights is in the best interests of Children.  The judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.